UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **SHANE JEANSONNE** | **DOCKET NO. 2:23-cv-00561**<br>**SECTION P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STEPHEN DWIGHT** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is the original and amended civil rights complaints [docs. 1, 9] filed by pro se plaintiff, Shane Jeansonne. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

### I. BACKGROUND

Plaintiff was convicted in the Western District of Louisiana for possessing child pornography, in violation of 18 U.S.C. § 2252(a)(5)(B) in 2017. *United States v. Jeansonne*, Criminal Action No. 1:17-cr-267. As part of his sentence, he was required to register in accordance with the Sex Offender Registration and Notification Act ("SORNA"), pursuant to 34 U.S.C. § 20901*, et seq*. *See* doc. 9, att. 1, p. 1. Through the instant suit, plaintiff seeks to have certain Louisiana statutes declared unconstitutional and/or to prevent prosecutorial enforcement of such challenged statutes. *See* doc. 9, p. 5.

### II. LAW AND ANALYSIS

#### A. Screening

Jeansonne has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. This case is barred by Heck.

The Court should, under *Heck v. Humphrey*, 512 U.S. 477 (1994), dismiss plaintiff's claims. A successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 477. Courts assess "whether a claim is temporally and conceptually distinct from the related conviction and sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018) (internal quotation marks and quoted source omitted). Courts "ask whether the claims are necessarily inconsistent with the conviction, or whether they can coexist with the conviction or sentence without calling [it] into question." *Id*. 3

*Heck* applies in the context of probation and parole. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) ("*Heck* applies to proceedings which call into question the fact or duration of parole."); *Eaton v. McGee,* 113 F. App'x 9, 10 (5th Cir. 2004) ("Eaton's complaint challenges the validity of his probation revocation and two additional convictions, but he has not shown that the revocation or convictions have been set aside or otherwise called into question. His claims are barred by *Heck* and, thus, have no arguable merit.").

Plaintiff appears to be challenging one of the terms of his conviction. Specifically, he was required to "comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense." *See United States of America v. Jeansonne*, 1:17-cr-00267, Rec. Doc. 37. Plaintiff is challenging "all areas" of law that "could conceivably be construed as a regulation towards a sex offender," "in which the sex offender was convicted of a covered federal offense," but "only those which has a regulatory effect not explicitly provided for under SORNA or is substantively different from SORNA." Doc. 9, att. 1, p. 11.

Establishing in this proceeding that the registry notifications are unconstitutional and enjoining their enforcement will necessarily imply the invalidity of plaintiff's sentence. *See McMahon v. Louisiana*, 2023 U.S. Dist. LEXIS 137707 (W.D. La. July 24, 2023) (citing P*earson v. Holder*, 2011 U.S. Dist. LEXIS 172760, 2011 WL 13185719, at *5 (N.D. Tex. Apr. 29, 2011), aff'd, 470 F. App'x 305 (5th Cir. 2012) ("The requirement that Pearson register as a sex offender was part of his sentence[.] . . . [A] successful outcome for Pearson would imply the invalidity of his criminal conviction for a sexual offense.") (citing *Savickas v. Walker*, 180 Fed. Appx. 592, 593-94 (7th Cir. 2006) (finding that a challenge to electronic detention as a condition of supervised release was barred by *Heck*); *Bleeke v. Server*, 2010 U.S. Dist. LEXIS 4058, 2010 WL 299148, at *5 (N.D. Ind. Jan. 19, 2010) (finding that *Heck* barred claims relating to parole conditions for a sex offender).

Under *Heck*, a §1983 suit is barred unless the plaintiff can demonstrate that the nature and duration of his confinement "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ

of habeas corpus." *Heck* at 486-487. Because Plaintiff is challenging "all areas" of law that "could conceivably be construed as a regulation towards a sex offender," he is necessarily challenging a condition of his criminal sentence, without having first invalidated his conviction.

Accordingly, this case should be dismissed as barred by *Heck*.

### C. *Plaintiff has failed to state a claim upon which relief can be granted.*

SORNA instructs the local jurisdictions to maintain a sex offender registry and provides that each jurisdiction shall provide a criminal penalty for failure to comply with the requirements of SORNA. The supporting memorandum attached to Plaintiff's complaint states that he is challenging the constitutionality of "all areas" of the Louisiana Revised Statutes that "could conceivably be construed as a regulation towards a sex offender" where the sex offender was convicted of a federal offense, but where the Louisiana Revised Statute has a regulatory effect not provided by SORNA or is different from SORNA." Doc. 9, att.1, p. 11.

Plaintiff's conviction stated that he "must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. §20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, is a student, or were convicted of a qualifying offense."

SORNA requires that each jurisdiction "maintain a jurisdiction-wide sex offender registry…" 34 U.S.C. §20912. Next, SORNA requires that each sex offender shall register in the jurisdiction where the offender resides, is an employee, or is a student. (20913(a)) Lastly, SORNA requires that each jurisdiction "shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter." 34 U.S.C. §20913(e).

While plaintiff asks the Court a number of hypothetical and rhetorical questions regarding what Congress did or did not delegate to the States with regards to SORNA, it appears clear that SORNA *did* delegate the task of sex offender registration and enforcement of registration to the States. Plaintiff has failed to state claim upon which relief can be granted, and his complaint should be dismissed with prejudice.

### III.  RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** the instant suit be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in chambers this 3rd day of June, 2024.

_____
THOMAS LEBLANC
UNITED STATES MAGISTRATE JUDGE