**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **SHANE JEANSONNE** | **DOCKET NO. 2:23-cv-00561** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STEPHEN DWIGHT** | **MAGISTRATE JUDGE LEBLANC** |

**ORDER**

Before the court is a civil rights complaint filed by plaintiff Shane Jeansonne who is proceeding pro se and *in forma pauperis* in this matter. Plaintiff was convicted in the Western District of Louisiana for possessing child pornography in violation of 18 U.S.C. § 2252(a)(5)(B) in 2017. *United States v. Jeansonne*, Criminal Action No. 1:17-cr-267. As part of his sentence, he was required to register in accordance with the Sex Offender Registration and Notification Act ("SORNA"), pursuant to 34 U.S.C. § 20901, *et seq. See* doc. 9, att. 1, p. 1. Through the instant suit, plaintiff seeks to have various state laws affecting sex offenders declared unconstitutional and enjoin their enforcement.

On June 28, 2024, this matter was dismissed with prejudice, finding it was barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).  Doc. 15.  Plaintiff appealed and on December 6, 2024, the United States Fifth Circuit Court of Appeals vacated the Court's judgment, finding that the action was not *Heck*-barred, and remanded the case for further proceedings, holding, "We do not remand this case based on any expectation that Jeansonne might ultimately prevail in his challenge to Louisiana law. But if the district court is to dismiss the action, it must be for reasons other than *Heck*. So on remand, the district court should consider the merits of Jeansonne's claims concerning state laws passed independently from SORNA."  Doc. 21, p. 3.

Therefore, to determine an appropriate resolution to Jeansonne's claim,

**THE CLERK IS DIRECTED** to issue summons.

**IT IS ORDERED** that Stephen Dwight file a response within twenty-one (21) days after the date of service.

After all of the responsive pleadings are filed, an additional sixty (60) days is allowed for the parties to complete all appropriate discovery.

Thereafter, if deemed appropriate, Jeansonne and/or any other party may file a motion for summary judgment within thirty (30) days, to include material and relevant affidavits, certified records, interrogatories and answers, admissions, and depositions, if any, and a supporting memorandum brief.

Any party not filing a motion for summary judgment SHALL FILE a Statement of Issues, within the same period, which shall enumerate each genuine issue of material fact perceived by that party which is relevant to this matter, or state that there are none.  This statement will be used by the court to determine the necessity of an evidentiary hearing.

Based on the foregoing the *Motion to Proceed and Order Defendant to Respond* [Doc. 25] filed by Jeansonne is **GRANTED** to the extent the defendant, Stephen Dwight, is ordered to respond to the Complaint following service thereof.

**All parties shall have the responsibility of promptly reporting to the court and to the other party any change in their mailing address.  Failure to do so shall be considered grounds for dismissal under LR 41.3.**

**THUS DONE AND SIGNED** in chambers this 16th day of March, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE

-2-